KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Lia Miljour

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lia Miljour,<br><br>                Plaintiff,<br><br>     vs.<br><br>Grant & Weber Arizona, Inc.; and DOES 1-10, inclusive,<br><br>                Defendants. | Case No.:<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Lia Miljour, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Lia Miljour (hereafter "Plaintiff"), is an adult individual residing in Tempe, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Grant & Weber Arizona, Inc. (hereafter "Grant"), is an Arizona business entity with an address of 14795 North 78th Way, Suite #800, Scottsdale, Arizona 85260, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Grant and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Grant at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8. The Plaintiff incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Grant for collection, or Grant was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     Grant Engages in Harassment and Abusive Tactics**

12. Grant sent a collection letter ("Grant's Letter") to Plaintiff on January 15, 2010.

3

13.     Grant's Letter states, "Your seriously delinquent account, quoted above, has been referred to Grant & Weber Arizona, Inc., for collection. You may avoid further collection activity by forwarding the amount you owe to this office."

14.     Grant's Letter further states, "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

15.     In response to Grant's Letter, Plaintiff sent a letter ("Plaintiff's Letter") to Grant on January 26, 2011 via certified mail. Grant signed for and received Plaintiff's Letter by January 29, 2011.

16.     Plaintiff's Letter states, "This letter is to respond to a letter I received from you dated January 15, 2010 about a collection account due for $633.43 to Chandler Regional Hospital that you are trying to collect a debt upon. I am informing you that I DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THREOF. I do not see this debt as valid. I already once disputed this item with the hospital. Sincerely, Lia Miljour."

17.     Grant has never provided Plaintiff with verification of the Debt as it stated it would in its January 15, 2010 Letter.

4

18. However, Grant reported the Debt to the three major Credit Reporting Agencies in April, 2010, despite never responding to Plaintiff's Letter disputing the validity of the Debt.

19. Plaintiff recently applied for a credit card and was denied due to the Debt pulling up on her Credit Report. Had Grant not reported the unverified Debt, Plaintiff would have had a satisfactory Credit Rating.

C. **Plaintiff Suffered Actual Damages**

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

5

24.  The Defendants continued collection efforts even though the debt had not been validated, in violation of 15 U.S.C. § 1692g(b).

25.  The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

26.  The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D.  Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff; and

    E.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: June 27, 2011                         LEMBERG & ASSOCIATES, LLC


By: __/s/  *Kindra Deneau*__
Kindra Deneau

Attorney for Plaintiff
Lia Miljour